In re Petition for Disciplinary Action against Larry Martin JENNINGS, a Minnesota Attorney, Registration No. 202630.

No. A04–2371.

Supreme Court of Minnesota.

Jan. 14, 2005.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Larry Martin Jennings has committed professional misconduct warranting public discipline. The Director alleges that Jennings failed to pursue with reasonable diligence and promptness patent applications submitted on behalf of a client, failed to notify the client of all correspondence from the U.S. Patent and Trademark Office and of abandonments of the patent applications, told the client that the applications were pending when the applications had been abandoned, and failed to deposit in his trust account $3,000 delivered to him by the client when he had not yet become entitled to all of those funds. The Director asserts that Jennings' conduct violated Minn. R. Prof. Conduct 1.3, 1.4, 1.15, 4.1, and 8.4(c).

Respondent admits his conduct violated the Rules of Lawyers Professional Conduct, waives his rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and has entered into a stipulation with the Director in which they

jointly recommend that the appropriate discipline is a 90–day suspension and payment of $900 in costs and disbursements under Rule 24, RLPR. The parties further agree that the reinstatement hearing provided for in Rule 18(a) through (d), RLPR, be waived and that upon reinstatement, respondent be subject to a two-year period of probation subject to the following conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct.

(c) Respondent, during the term of his probation, shall not engage in the practice of law except as an employee of a law firm in which he is subject to direct supervision by a licensed Minnesota lawyer and is provided with sufficient support to ensure his prompt response to client requests for information and compliance with deadlines.

(d) Respondent shall initiate and maintain office procedures which ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

(e) Within thirty days from the commencement of his employment with a law firm, respondent shall provide to the Director a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.

(f) Respondent shall continue current treatment by a licensed consulting psychologist or other mental health professional acceptable to the Director, and shall complete all therapy programs recommended by the therapist. Respondent shall continue with his participation in Lawyers Concerned for Lawyers. Upon request, respondent shall provide to the Director medical authorizations sufficient to authorize the Director to obtain his treatment records and reports and to discuss his treatment with the treatment providers.

This court has independently reviewed the file and approves the jointly recommended disposition.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that respondent Larry Martin Jennings is suspended from the practice of law for 90 days, effective immediately. Respondent may petition for reinstatement by affidavit under Rule 18(f), RLPR. Upon reinstatement, respondent shall be placed on probation for two years subject to the agreed-upon conditions set forth above. Respondent shall pay $900 in costs and disbursements under Rule 24, RLPR.

BY THE COURT:

/s/ Paul H. Anderson
Associate Justice.